Our first case for today is 23-1095 Realtek Semiconductor versus the ITC. How do I say your name, counsel? Theo Angelis, your honor. Mr. Angelis, please proceed. Thank you, your honor. Good morning and may it please the court. Theo Angelis for Appellant Realtek Semiconductor Corporation. We're here today because DIVX wanted to keep Realtek in this case until the eve of trial, but to do so needed to lie about the operative infringement theory. That lie caused Realtek to incur significant fees and costs it otherwise would have avoided. And when the lie was exposed, Realtek sought sanctions based on established commission precedent and procedures. The ALJ and the commission did not address the grounds for sanctions that Realtek raises here on this appeal. By failing to do so, the commission violated the APA and remand is required. What's in front of us now, right, is not a challenge to the commission's denial of the sanctions request under, you know, part one. It's part one and part two. Part two is the sua sponte and part one is where you have a right to do it and that was rejected for two, you know, timeliness reason and another procedural reason because you didn't send the proper letters so as to give the other side an opportunity to cure the problem, right? And you don't appeal that first part. You just appeal the refusal to sua sponte receive the sanctions, right? So your honor, we are appealing the failure to consider the request under D-1-2, which is what is called the sua sponte, but there's an established procedure for a party to ask for sua sponte. Sure, and everybody could always ask a enforcer to do something, but that doesn't mean that sua sponte action to enforce is something other than committed to agency discretion. Well, to the contrary, your honor, there's a well-established procedure in the commission dating back to at least 2005. Why does that make the declining to exercise the enforcement authority something other than committed to agency discretion? The re's a procedure for asking for it. So the universe of the prosecutor's office, we have a procedure if you want to want us to initiate some prosecution, come, you know, file this piece of paper that wouldn't make a decision just not to prosecute review. So it's quite rare for an action to be committed to agency discretion and there has to be a very strict reason for doing so. Except that the traditional class that may even be almost the only class is precisely a decision not to initiate enforcement action. So this is not that situation, your honor. So what the commission has consistently held is that D-1-2 is always available to address serious misconduct when D-1-1 is not available. And we also are appealing the idea that D-1-1 was improperly rejected because D-1-1 could not have applied in this situation. The nature of the safe harbor provision is such that it applies to... I guess, I don't understand, you didn't give a copy to opposing counsel. You didn't give them a copy of the notice. Isn't that a problem? It's not, your honor, because the situation is that the reason the safe harbor process exists, in an ordinary case with the sanctions proceeding, you would serve, you would identify a frivolous pleading or a brief and serve a request for it to be withdrawn so the parties could avoid the harm that comes if it's withdrawn. Here the situation was the harm had already occurred retrospectively, so the harm couldn't have been avoided by a safe harbor provision and the pleadings had already been withdrawn. This was serious misconduct that was hidden. The rule requires you to give it to them and give them an opportunity to see it, respond to it. That's what the rule requires. The idea that you're saying the policy behind the rule wouldn't be able to be satiated in this case is irrelevant. The rule is the rule. You didn't follow the rule. So, respectfully, your honor, it's for the commission to decide on whether the specific procedural posture here is outside the scope of D-1-1 and that wasn't something that the ALJ or the commission did address. But Judge Taranto was correct that the primary basis here on appeal is D-1-2 and that is not committed to agency discretion for the reasons we've talked about. In fact, sanctions rulings broadly under subsection H... Do you have a, I don't know, an example in law where a decision maker's authority to do something sua sponte is reviewable? Absolutely, your honor. We've cited the Fuller versus the Whitaker case from the Seventh Circuit. That's in our brief on the blue brief on page 26. Remind me, that was an immigration... It was an immigration case, your honor. That's right. The government has a very long and somewhat hard to understand footnote about that. I agree that's correct, your honor. I'm having a hard time understanding how you even have standing right now. So, can you discuss that? I don't see any harm to you. You weren't a party to the case, to the investigation. I just, you're going to have to win me over on that. Certainly, your honor. Let me try to convince you. So, Realtek suffered real financial harm in the form of fees and costs that incurred and wouldn't have had to had there not been these false statements and false representations that were made. So, remember the timeline here. On June 30th, the ALJ ruled that, what I'll call the primary theory, the new theory... Who would have incurred the attorney's fees and the costs? Realtek did, your honor. Realtek incurred those fees and costs at least from June 30th to the time that the complaint was withdrawn against it. Because of the motion you filed? I'm sorry, your honor? The motion you filed? Because of the motion that you filed? No, no, your honor. We were on the eve of trial. We were going full board for a trial. We had experts involved. We had incredible fees and costs being incurred all on this idea that Davis could keep us into the case and Davis could proceed under the old theory because it argued that the new theory was part of the old theory and that was simply false. It was exposed to be completely false at the trial and it wasn't exposed until July 12th. Let's look at the same question in another direction. Where's the redressability here? So the recovery of money is always redress for the fees and costs that were incurred. We've cited the Sprint Communications case. It doesn't matter that Realtek plans to use that money for something else. It plans to donate it for purposes of vindicating the deterrence that's talked about in the commission's rules. Do I remember right that the government says, actually, you can't get any of this money at all even if you distribute it among your family or some organization? You just can't get the money. The government does say that, your honor, but the commission expressly addressed the government's arguments here. So remember, Divix made these same arguments to the commission and on appendix page 24, the commission says that's open to reasonable dispute whether Realtek can get the money or not is open to reasonable dispute. I thought rule 210.4d2 expressly forbids the commission from imposing monetary sanctions unless, quote, the commission or the ALJ issues an order to show cause before the investigation or related proceeding is terminated. So this proceeding was terminated. So how is it that the commission can impose monetary sanctions if their own authority to do so is only prior to termination of a proceeding? So that issue was presented to the commission down below and the commission ruled on appendix page 24 that whether Realtek could recover sanctions because monetary sanctions under d2 were available or not was subject to, quote, reasonable dispute. And that's, again, on page 24 of the appendix. It cannot award money in this instance, right? No, I disagree, your honor. The commission will have to make that determination in the first instance, but the only time the commission has ruled on this question is in response to that argument that Divix itself made down below. And it said that that's an open question. Respectfully, why does the commission have to rule on it in the first instance? It's a question of law. Well, your honor. There's a question of law and there's a really clear rule. It says they can't give money after something's terminated. I don't see why I have to send that back. Well, the commission rules that are under our- They might say it's up in dispute. It doesn't look like there's any dispute to me. Rule says it pretty clear. Your honor, you're in a situation where you have a proceeding, a request that was made while the case was alive, while the party who would have to pay sanctions was still a party and the sanctions ruling happened, the ALJ didn't rule on it in the time. And so it would be very odd to say that the reviewing court can't address an error that occurred down below because the reviewing court didn't rule on it in time. And so that's- and the commission, those are the arguments that were made to the commission below. And the commission's rules, the commission has great deference under our and to how it interprets its rules. The commission cannot give you an award. And that's why you say that if it did give you any money, that it should go to this charitable fund or something. That's your way of responding to the question of whether you're entitled to any monetary award or not. No, I respectfully disagree, your honor. I think- we think it's an open question about what kind of monetary award the commission can give us. And the commission has said so in its ruling. Okay. So are you saying that they're required, they're obligated to make a monetary award? Absolutely not, your honor. We don't believe they're obligated, but it's an exercise of discretion that has not yet occurred. I don't understand. Let me go back for a sec. You told me that- am I mistaken? Did you tell me that Realtek's motion was pending before the commission, before the proceeding was terminated? It was, your honor. We brought this proceeding. We brought the motion for sanctions in October. Your motion was in October. Was it the termination in July? No. Well, Realtek was removed from the proceeding, but Realtek's customer remained part of the proceeding. The proceeding was alive. And that rule requires the party against whom sanctions are awarded to still be in the case, which was the case here. Divix remained part of the case when the sanctions motion was filed. When did you exactly, did you file your motion? It was after the investigation was terminated, right? No, your honor, it was not. The investigation continued well into 2022. It wasn't until April 22nd, I believe, 2022, that the investigation was terminated and the motion was filed in October of 2021. But after the investigation, with respect to you, was terminated. Well, the complaint was withdrawn with respect to Realtek, but Realtek remained a party. That's what I meant by you. Yeah, Realtek was a party. So the question about whether Realtek remained a party for purposes of seeking sanctions was also presented to the commission. And it also said that was open to a reasonable dispute on page 24. And so this is, these can... How can you remain a party after something has been dismissed as to you? We were an identified party. Our technology was still at issue in the case. How do you, I mean, a party is a legal concept that seems pretty binary to me. How are you a party to a proceeding when you've been dismissed? Well, the proceeding itself continued, your honor. And whether we were a party for purposes of the sanctions motion... The two were dismissed from the proceeding. We were dismissed from the proceeding. Okay. But for purposes of the sanctions... What date would you say you were dismissed? I believe it was July 6th of 2021. And was that after the... When did you file your motion? In October of 2021. After you were dismissed? That's correct, your honor. Because the misconduct didn't come to light. We've been asking you this question for quite a while now. We finally got an answer. You filed your motion after you were out of the investigation? After the complaint was withdrawn. That's correct, your honor. Okay. But for purposes of whether we're a party under the rule, the commission said there's reasonable dispute. It gets kind of frustrating, counsel. I mean, it really sounds like you're hiding the ball here. And you're wasting a lot of time when we should be listening to the merits of your case, trying to decipher exactly why you take a position that's not supported by the record. Okay. I just wanted to let you know that. Well, I appreciate that, your honor. And I apologize if you believe I've done that. I apologize that I have done that. I'm trying to answer your question honestly. But I will say this, your honor, respectfully, the commission was presented with this argument. Can Realtek... Is Realtek a party for purposes of seeking sanctions? You're using your rebuttal time, which you're free to do. Yeah. I'll preserve the rest of my rebuttal time. Thank you, your honor. I appreciate it. Good morning. Carl Bretscher for the International Trade Commission, or at least the court. I'd like to start with this question that came up about the chronology. Realtek's counsel was talking about they filed a motion in October of 2021. That motion did not contain a request for the show cause order. So the motion was denied. And I think it was by April 2022. It was just in the background description of general powers, a reference to the sui sponte power. Exactly. It was in the legal standards section that this court sees in briefs that come forward all the time. It was not an argument or a statement. It was waived. Right. Yep. Go ahead. So Realtek actually did not make an explicit request for a show cause order until it filed its petition for commission review of the order denying the actual sanctions motion. That request for the show cause order was, as I said, June. That was about a month after the whole case had been terminated. So not only had Realtek been terminated in, I think, June of 2021, the whole case had been terminated by, I believe, May of 2024. It was about a month before they, or at least several weeks before they even asked for a show cause order. So there's no way the commission can now go back and award any monetary sanctions because the request for a show cause order wasn't even made before the case was terminated, let alone... So just let me just let me make sure I tie this with a bow. So you're saying that even if there's a question about whether Realtek remained a party to the proceeding after being dismissed, they surely didn't remain a party because the entire proceeding was terminated before they filed their show cause order. That's exactly right. Very good. I'd like to turn to another point just to reiterate. The sanctioned motion is the vehicle the party uses to try to get redress for alleged misconduct. As this court is well aware, that motion was found to be untimely. It violated safe harbor rules. So Realtek should have appealed from that denial. They didn't. They focused solely on this question of responding relief. And for a number of reasons... When you say appeal, you mean to us or to the full commission? I'm sorry. I mean to this court. Okay. Their opening brief only talks about the show cause order, the alleged denial of that request. And I don't think they said anything about appealing the sanctions motion, the denial of that motion. So if we're focusing solely on this alleged request for a show cause order, we've laid out multiple reasons in our brief why this court does not have jurisdiction. There was no final determination in this case. Can I ask you about that? So in normal case in district court that is appealable to the regional court of appeals, only final decisions are appealable. Sanctions can be awarded after the final decision on the merits. And the decision on sanctions clearly is appealable. So why would we not interpret 1337 the same way here? As just as to our jurisdiction and with the reference in 1295 to 1337. Yes. 1337 C says there's four final determinations that are appealable to this court. D, E, F, and G, basically those dealing with exclusion orders, cease and desist orders, preliminary relief, and default. And then there's a specific reference to sanctions under H. There is, but that is a reference to the standard of review under 706. It doesn't say this is separately appealable to this court like the sentence I just referred to. It just says it would be reviewed. Now there are cases of course where there's a final determination and sanctions may be ancillary to that and it gets swept up and comes to this court. There's also the Organicemia case that we cite where there was a sanction that was in the form of a default judgment. That's appealable to this court. But if it's just a sanctions ruling hanging in thin air and particularly there's a termination of the rest of the case, if it's reviewable at all, it allegedly or hypothetically might go to a district court in the manner that Your Honor described. Do we have to reach that issue or standing in order to decide either the non-reviewability because of commitment to agency discretion or the waiver question? I believe this court would have to satisfy itself in that jurisdiction and standing is also a constitutional requirement. So I think you would have to address both of those or at least one of the other. But the jurisdiction issue could be addressed by referring to VSCOFAN, the related cases where it lays out this discussion of the one sentence that's the jurisdiction sentence and the other two that are referred to the standard review. So this court is already in that kind of analysis. We address other issues in our brief that did not really come up today. I'm happy to answer any questions about those and any other questions this court has. But it's pretty clear there's no standard. There's no jurisdiction. And there's no other flaws. And you take the position which we were discussing before that because an actual request under to the sui smante provision was not made until, in fact, the entire proceeding was terminated. That was terminated in April. And this request that is by way of appeal to the commission from the ALJ was not until June of 2022. That relief could not, in fact, be granted and therefore no standard. The monetary relief certainly could not be granted. And there is no obligation or requirement for the commission to do anything else to respond. Why is there not standing to seek? Because Realtek would benefit from non-monetary ruling on sanction. Well, I think they want, I don't know. I'm not quite sure what the non-monetary relief is. But something from the ALJ saying the witnesses from the other side lied. Right. Well, there's multiple problems with this. One is this is against sui spante. The commission doesn't have to say anything when a case is over. It would be discretionary. But assuming that it was compelled to do that. One thing you haven't said yet, and I don't think you're going to. Did Realtek ask for non-monetary sanctions? I don't remember them doing that. I remember them asking for monetary sanctions. Honestly, every time you read one of their briefs, their request for relief changes. They're opening sanctions motions about fees. And when you get down to the reply brief to this court, they're talking about they would like some kind of writing from the commission debunking what was said at the hearing. I know. But what they argue in their briefs to us is not relevant. It's what they asked for below. I mean, did they below ask for non-monetary sanctions? I think they asked for some form of a writing that would debunk what was said at the hearing. But again, Realtek was not a party at that time. So whatever was said at the hearing was irrelevant as far as any alleged damages and standing. And then there's the whole issue about Realtek was concerned about how this testimony would be used in a parallel proceeding in Delaware. They never introduced those remarks in Delaware. That case was dismissed. Right, but the dismissal is on appeal. It's on appeal. But even if the case comes back, allegedly, and is refiled, their relief lies in Delaware. It's not going to be in the commission. There's nothing the commission can really do with that. Counselor, you would agree that sanction motions are appealable, correct? If it's part of a final determination or equivalent to a final determination as laid out in 337C, then yes. It has to be final in order to be appealable? Ancillary to a final determination or equivalent to one, like a default judgment might be entered in some cases for disqualification of evidence or something like that. But you're not, just to be clear, you're not conceding right now that the agency's decision not to pursue sanctions in a sua sponte basis is in fact appealable? We're saying it's not appealable to this court. Not appealable to any court. Not reviewable. I just wanted to make sure that I wasn't confused about what you were saying. Thank you.  No, that's okay. Okay, let's hear from the other side. I think we're going to, at this point, six minutes from the other party. No, no, six. Excuse me. Okay, good. Good morning, Your Honors. Bill Munier for Intervenor DivX. There's a lot of possible angles to talk about right now. Obviously, I'll talk about whatever you want, but I'm going to try to address some of the questions that have come in and maybe there hasn't been the clearest answer. With regards to whether there was a request for any sanctions other than monetary in the motion to the ALJ, there was not. Their whole appeal is based on... Usually, I like to hear it. And if you look at the appendix, that page, right after that sentence... Give me one second, Your Honor. Okay. I'm just trying to turn the page to that. I've got it right here. Here we go. Okay. So, if you look at their motion and the attached memo to the ALJ, it starts out at appendix 2024, where they just... The start of their memo, respectfully moved for sanctions. Nothing about an order to show cause there. Just they're moving for sanctions. And then you can... Okay. This is the same document we were talking about before, where there's a reference to the sui sponte power in the background? Exactly, Your Honor. And not a request for an order to show cause, but just a mention that they're... I'll quote them. The ALJ also has the inherent power to police misconduct before her. Even when citing to that rule, they're not asking for an order to show cause. But I think the most telling part is when you get to appendix 2057, which is the last page of that memo. Remember, so far, all they've said, we're moving for sanctions. What they say there is, sanctions in the form of compensation for attorney's fees unnecessarily spent are necessary. Conclusion, for the reasons set forth above, Realtek respectfully requests that the ALJ award Realtek its costs and fees. That's all they saw, were monetary sanctions. And to get... Some of what they're talking about now has to do with a benefit. They would hope to get out of sanctions here, a benefit for the Delaware proceeding, which has so far been, I guess, dismissed without prejudice, and they're feeling it should be dismissed with prejudice. But is there anything that they would be foreclosed from doing in criticizing the evidence from the ITC record, to the extent that was to be offered into the Delaware case, that somehow would be adversely affected by whether the ITC now says itself that that testimony was bad? The short answer is absolutely not, Your Honor. In this hypothetical district court litigation, because as you know, it's been dismissed... Right, but that's on appeal. It's not hypothetical. Well, it's on appeal whether it's with prejudice. It was dismissed without prejudice. Sure. They're appealing here. It said it should be actually dismissed finally, you know, really dead, not... Not almost dead. Fair enough, Your Honor. But so let me focus, let me put that aside. There's, to answer your question, there's nothing that would prevent them from criticizing the testimony from the hearing that they're saying was false, and letting that district court judge know, here's why we think it was false. But there's also no reason they would have to do that at all, because I want to be very clear. The testimony they're complaining about is not as false, which it was not. But the testimony they're saying is false didn't concern, here's why Realtek infringes, here's why anybody infringes. It had to do with whether the theory was originally presented or whether it was changed. Exactly, which would have no relevance in a district court case whether an ITC contention deadline was met for a certain theory or not. It was not going to matter in the district court. So the fear of having to fight this testimony is an imaginary one. So they did not request an order for show cause. Their other complaint is that the ALJ ignored that non-existent order to show cause. I guess I would just say that to the extent their motion did include such a request for an order to show cause, then the ALJ fairly addressed it. Because she said the motion as a whole was dilatory. She then went on to say, and by the way, you didn't comply with the safe harbor requirements that are required to make such a motion for sanctions that's now before her. But she also said that the motion as a whole was dilatory, and the commission agreed with that and adopted that finding. So to the extent they're saying that the motion did include some sort of request for an order to show cause, which again is the only thing they're appealing right now, that they had a request for an order to show cause and that she ignored it. To the extent that motion included it, the way they're arguing right now, she said the motion itself was dilatory, that it was untimely because it was after they were terminated. Well, excuse me, it was after they were terminated, but it was more than two and a half months after the testimony that they're complaining about. There's no argument from them, and there can't be any reasonable argument from them, that that conclusion was arbitrary and capricious, that they waited too long to file their motion. So even if you give them the benefit of the doubt, the second part of their argument, that it was just completely ignored, is there's no basis for that either. And I'm running out of time, so if there's no further questions, thank you very much. Thank you, counsel. Mr. Antwish, you have some rebuttal time. Thank you, Your Honor. Just a few points to clarify. I believe that the commission counsel may have misspoken about when this case ended. The sanctions motion was in October of 2021, and the order ending this case was April 2022. Right, but his, I'm sorry, his point was that you didn't make, assuming that he's reading your October motion correctly, you didn't make a request for the exercise of supersponding power in that motion. You didn't do that until your June 2021, no, 2022 filing, requesting review by the full commission. So we respectfully disagree, and here's why, Your Honor. So on 2042 to 43, we outlined the parallel request for sanctions under D-1-1 and D-1-2. Here's DIVX's response, and I'm quoting their language from page 2088. They refer to Realtek's, quote, parallel request to the court to enter an order suesponding under 210.4 D-1-2. So DIVX is responding to the motion for sanctions by saying Realtek is asking for a parallel request to this court. So DIVX clearly understood what we were asking for on appendix page 2088, referring it to as our parallel request. So the fact that our opponent understood exactly what we were asking for and that that was a parallel path to getting the relief we wanted makes it clear that that was exactly, there was no dispute, there was no question that that was what Realtek had asked for. On the question of jurisdiction, we've certainly addressed this in our brief under 1295. We think that all of the issues that are raised in 337C are reviewable by this court. Otherwise, you would have a strange situation where questions about bond and forfeiture of bond would have to go to one court, whereas questions about forfeiture of bond under Clause 2 of the jurisdictional proceedings would come to this court. The commission agrees, for example, that Clause 2, there are three jurisdictional clauses in 337C, that Clause 2 comes to this court, and Clause 2 and Clause 3 are identical in their language, in the reviewability language. So that would be a very odd situation. Congress didn't create that situation. Okay, I thank all the counsel in this case. This case is taken under submission. Thank you, Your Honor.